# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIE GILLISPIE,  )
                  )
        Plaintiff, )
                  )  Civil Action No. 2:13-cv-01534
v.                )
                  )  U.S. District Judge Mark R. Hornak/U.S.
REGIONALCARE HOSPITAL )  Magistrate Judge Maureen P. Kelly
PARTNERS, INC.; ESSENT )
HEALTHCARE – WAYNESBURG, )
LLC d/b/a SOUTHWEST REGIONAL )
MEDICAL CENTER; ESSENT )
HEALTHCARE-PENNSYLVANIA, )
INC., ESSENT HEALTHCARE, INC., )
ESSENT HEALTHCARE, and )
SOUTHWEST REGIONAL MEDICAL )
CENTER            )
                  )
        Defendants. )

## MEMORANDUM ORDER

**Mark R. Hornak, United States District Judge**

The Defendants have moved to dismiss Counts II through V of this civil action essentially on the basis that the common law claims set forth in them cannot exist under Pennsylvania law. According to the Defendants, as to Count II, the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §§1395dd, *et. seq.*, provides a statutory right of action, and therefore under Pennsylvania law, a common law wrongful discharge right of action cannot exist. As to Counts III through V, the Defendants make the same Motion on the basis that the Pennsylvania Whistleblowers Law, 43 Pa. Stat. Ann. §§1422, *et. seq.*, and the state's M-CARE Act, 40 Pa. Stat. Ann. §§1303.101 *et. seq.*, do the same.

The Motion was fully briefed to the Magistrate Judge, and she has recommended that the Motion to Dismiss be denied. The Defendants have objected, and the Plaintiff has responded. For

the reasons which follow, the Court will adopt the Report and Recommendation of the Magistrate Judge, as amplified by this Memorandum Order.

The Defendants are quite right that Pennsylvania common law wrongful discharge case law makes it plain that where there is a statutory remedy, particularly where there is a comprehensive remedial scheme made part of the statutory remedy, state common law will not recognize an action for "wrongful discharge". *See Murray v. Commercial Union Ins. Co. (Commercial)*, 782 F. 2d 432, 437 (3d Cir. 1986). This is not so much an application of more "supreme" federal law via the preemption doctrine as it is a principle of substantive Pennsylvania state law. The thought behind this is the idea that where the legislature has spoken clearly, and outlined the parameters of a right of action and the "rules of the road" for a potential recovery, the common law has no remedial "gap" to fill in, and all claims must come through that statutory sieve. *See Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 920-22 (Pa. 1989).

In this case, EMTALA is not crisply drafted so as to demonstrate the same level of clarity as there is with, say for instance, the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§951, *et. seq*. That state statute provides a comprehensive process for the assertion and adjudication of claims of unlawful discrimination. It provides a demonstrable, stand-alone system of enforcement of statutory prohibitions, with clear demarcations of the types of remedies and procedures available, and a methodical process for disposition. In contrast, EMTALA provides that an individual who has suffered "personal harm" by virtue of a covered hospital's violation of that statute may recover, in a civil action against that hospital, damages for "personal injury" under the law of the State in which that hospital is located. That is the extent of the statutory guidance.

While on the one hand, that provision could be read as simply stating the measure/type of damages recoverable in a federal law EMTALA action, it also appears to contemplate the "incorporation" of state common law personal injury remedies into the EMTALA civil action. Because of that, this Court agrees with the Magistrate Judge that at this more preliminary stage of the game, it is simply too early to definitively say that the claim purportedly asserted at Count II does not, as a matter of Pennsylvania substantive law, exist (whether or not there are facts to back it up). On the other hand, if the record developed in discovery reveals (as it well may) that the "federal" claim asserted in Count I and the "state" claim asserted in Count II are simply variations on the same theme and Count II is really a clone of Count I, then Count II would evaporate at the summary judgment stage as being fully duplicative of Count I. If that is the case, then dismissal of Count II would follow.

The Court would also note that often, counsel presses for the assertion of parallel state and federal claims because the remedial arsenal of one exceeds that of the others, such as a claim for punitive or exemplary damages. Where, as here, the federal provision expressly looks to the remedies of state law, that double-barreled approach would not apply, depending on how the actual contours of those claims shape up in discovery.

This was, of course, also exactly the reasoning applied by the Magistrate Judge in her Report and Recommendation as to Counts III through V relating to the common law wrongful discharge claims asserted in them, and Pennsylvania's M-CARE Act, which incorporates the remedial scheme of the state Whistleblowers Law. The Magistrate Judge directly and correctly stated that the claims asserted in those Counts cannot survive to the extent that they are coterminous with M-CARE-based claims. As also noted by the Magistrate Judge, it is at least plausible that the claims asserted in those Counts do not cohesively overlap with the remedial

3

scheme of that state statute. But, maybe they do for any or all of the reasons so vigorously argued in the Defendants' Objections. That, too, is a question whose answer that will develop on a fuller record at the summary judgment stage of the proceedings. As noted in regard to the EMTALA/wrongful discharge combo involving Counts I and II, it may well turn out that Counts III through V are simply a pointless exercise in repetition by the Plaintiff with no substantive difference, and they therefore have no substantive existence under Pennsylvania state law. On the other hand, perhaps they do. Time, and discovery, will tell.[1]

Therefore, based on the Court's *de novo* review of the Report and Recommendation, the Motion papers, the Objections and the response to them, the Court adopts the Report and Recommendation of the Magistrate Judge, ECF No. 13, dated May 19, 2014 as the Opinion of this Court, as supplemented by this Memorandum Order, and the Defendants' Motion to Dismiss Counts II through V of the Complaint inclusive, ECF No. 2, is DENIED without prejudice.

Mark R. Hornak
United States District Judge

Dated: June 25, 2014

cc: All counsel of record

---

[1] This should make no difference the scope of discovery, since it is the factual context that will matter, and those facts will be "the" facts, no matter how these legal theories of recovery are currently styled. Further, given EMTALA's incorporation of state remedies, the scope of discovery as to damages and mitigation should also not be affected.

4