IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE GILLISPIE,<br>     Plaintiff,<br><br>vs.<br><br><br>REGIONALCARE HOSPITAL<br>PARTNERS, INC.; ESSENT<br>HEALTHCARE-WAYNESBURG LLC<br>*doing business as* SOUTHWEST<br>REGIONAL MEDICAL CENTER;<br>ESSENT<br>HEALTHCARE-PENNSYLVANIA, INC.;<br>ESSENT HEALTHCARE INC.; ESSENT<br>HEALTHCARE; SOUTHWEST<br>REGIONAL MEDICAL CENTER,<br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 13-1534<br><br>Judge Mark R. Hornak/<br>Chief Magistrate Judge Maureen P. Kelly |

## ORDER

AND NOW, this 14th day of November, 2016, after Plaintiff Marie Gillispie ("Plaintiff") filed an action in the above-captioned case, and after a Motion for Summary Judgment was filed by Defendants, ECF No. 97, and after a Report and Recommendation was filed by the United States Magistrate Judge recommending that the Motion for Summary Judgment be granted, ECF No. 111, and upon consideration of the Objections filed by Plaintiff, ECF No. 112, along with the supplemental filings of the parties at ECF Nos. 127, 129, along with the matters adduced at oral argument held by this Court, and upon independent review of the record, and upon consideration of the Magistrate Judge's Report and Recommendation, which is adopted as the Opinion of this Court as supplemented by this Order,

IT IS HEREBY ORDERED that the Motion for Summary Judgment, ECF No. 97, is GRANTED.

The Court adopts the Report and Recommendation of the Magistrate Judge in full. The Court would also note that an issue explored with counsel at oral argument was whether the acts asserted by the Plaintiff to be protected were "reports" under the Emergency Medical Treatment and Active Labor Act ("EMTALA") such that they would support a claim under 42 U.S.C. § 1395dd(i).

As the Report and Recommendation correctly concluded, the term "report" is not defined in EMTALA, and it is therefore given its "ordinary meaning." *O'Connor v. Jordan Hospital*, 2013 WL 3105647, *5 (D. Mass. June 17, 2013). Central to that concept is the premise that a "report" gives information or a notification or is otherwise an official or formal statement of facts or proceedings. Here, the core of the Plaintiff's EMTALA retaliation claim is that she was dismissed for two reasons: first, for taking the position at hospital managers' meetings on October 24 and 25, 2013 that an incident already well-known to hospital administration should be reported to state regulatory agencies as an EMTALA violation; and second, for reiterating that position in a letter she delivered to hospital management on the day of her dismissal. Considering the record before the Court in a light most favorable to the Plaintiff, the Court cannot conclude that there is an issue of fact that the Plaintiff made a "report" as that term is considered under EMTALA.

As noted by the Magistrate Judge in her Report and Recommendation, there is no record evidence that the Plaintiff went to any governmental or regulatory agency with a "report" of an EMTALA violation. Further, the record reveals that she voiced to hospital management her disagreement with management's conclusion that the hospital would not make a regulatory

2

report under EMTALA as to an episode that hospital management was already well aware of, and in fact had made the subject of internal meetings which included Plaintiff. Thus, the Plaintiff's argument would appear to boil down to an assertion that EMTALA's anti-retaliation provisions reach and then cover an employee's disagreement (which we must and will presume here to have been made in good faith) with the decision of hospital management to not report as an EMTALA violation a specific episode.

In light of the construction of the term "report" as noted above, what Plaintiff did was not the "giving of information" or a "notification" of anything beyond her own opposition to the EMTALA position of management, nor was it an "official or formal statement of facts or proceedings." While it is true that Plaintiff can be said to have "opposed" the position of the hospital in such regards—a position that may or may not have been legally incorrect—it is important to note that the anti-retaliation provisions of EMTALA do not contain the "opposition" language or concept commonly found in federal fair employment practices statutes. *See, e.g.*, 42 U.S.C. § 2000e-3(a) (Title VII of the Civil Rights Act of 1964); 29 U.S.C. § 623(d)(Age Discrimination in Employment Act); 42 U.S.C. § 12203(a)(Americans with Disabilities Act). Unlike the case with those federal statutes, the foundation of an EMTALA retaliation claim is a "report," and not "opposition"; the record here, viewed in the light most favorable to the Plaintiff, supports at best only the latter, not the former. Thus, the grant of summary judgment on the EMTALA retaliation claim is proper for this additional reason.[1]

---

[1] The *O'Connor* Court indicated that in considering an EMTALA retaliation claim, principles underlying the litigation of such claims under Title VII are relevant. However, an examination of that analysis reveals that the analogy is as to the allocation of the burdens of proof and persuasion, and the elements of such a claim. Under Title VII, the "protected activity" is either opposition to a practice made unlawful by Title VII, or participation in a Title VII proceeding. Under EMTALA, the "protected activity" is very different, namely a "report". Thus, a generalized reference to Title VII principles does not resolve the question. The Court would also note that the Plaintiff has filed a Motion for Leave to File Additional Legal Authority, ECF No. 127, which the Defendant has opposed. ECF No. 129. The Court grants the Motion, and has considered such matters, but does not find them dispositive. Finally, the

3

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

By the Court:

Mark R. Hornak
United States District Judge

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

All Counsel of Record Via CM-ECF

---

Court directed the parties to file additional briefing as to subject matter jurisdiction, ECF No. 124, which they did. ECF Nos. 125, 126. Given the Court's disposition of this action, the Court need not consider such matters further.